UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

　　　　　　　-v-

ROBERT WILSON SR.,
　　　　　　　　　　　Defendant.

16 Cr. 317-17 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

　　The Court has received an application from defendant Robert Wilson Sr. seeking his release from Federal Correctional Institution ("FCI") Allenwood Medium pursuant to 18 U.S.C. § 3582(c), in light of the risk that the COVID-19 pandemic presents to his health. *See* Dkts. 644 ("Def. Ltr."), 654 ("Def. Mem."). The Government opposes his request. *See* Dkt. 655 ("Gov't Mem."). For the reasons that follow, the Court grants Wilson Sr.'s motion.

　　Between 2010 and 2016, Wilson Sr. was involved in a drug-trafficking scheme in the Diego Beekman Houses in the Bronx, selling crack cocaine as a street-level dealer. *See* Dkt. 535 ("Sent. Tr.") at 22. In connection with the Beekman Houses conspiracy, he regularly sold and supplied crack cocaine to other members of the scheme, including his son, a co-defendant in this case. Gov't Mem. at 1–2. On May 25, 2017, Wilson Sr. pled guilty to participating in a conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. *Id.* at 2. On September 7, 2017, Judge Forrest sentenced Wilson Sr. to a sentence of 84 months' imprisonment—below the advisory Guidelines range of 151–188 months' imprisonment—to be followed by a term of three years' supervised release. Sent Tr. at 20, 29–30. Wilson Sr. has been in custody since his arrest on September 27, 2016. Def. Mem. at 2. His scheduled release date is September 27, 2022. *Id.*; Gov't Mem. at 2.

On July 16, 2020, the Court received a compassionate release motion from Wilson Sr., seeking a modification of his sentence based on the COVID-19 pandemic. *See* Def. Ltr. at 5–7. On August 19, 2020, Wilson Sr.'s counsel filed a memorandum in support. *See* Def. Mem. On August 26, 2020, the Government filed its opposition. *See* Gov't Mem.

Wilson Sr. argues that his obesity and other medical conditions heighten his vulnerability to COVID-19 and seeks his immediate release to 12 months of home confinement. Def. Mem. at 1–2, 7. The Government, in opposition, argues that Wilson Sr.'s release is unwarranted under the factors set out in 18 U.S.C. § 3553(a). Gov't Mem. at 5–7.

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [Bureau of Prisons] to bring a motion on the defendant's behalf," a court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (citing 28 U.S.C. § 994(t)). Relevant here, the Commission's policy statement and its corresponding commentary on § 3582(c)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional

---

[1] The Government does not argue that Wilson has failed to exhaust his administrative remedies.

2

facility and from which he or she is not expected to recover."[2]  U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).  The defendant must also not be a danger to the community, and the reduction must be consistent with the Commission's policy statement.  *Id.* § 1B1.13(2)–(3).

The first of these factors favors Wilson Sr.'s release.  The COVID-19 pandemic is indeed extraordinary and unprecedented in modern times in this nation.  It presents a clear and present danger to free society for reasons that need no elaboration.  And the crowded nature of jails and prisons presents an outsize risk that the COVID-19 contagion, once it gains entry, will spread.[3]  Recognizing that the realities of incarcerated life present added challenges for a heightened-risk prisoner who contracts the virus to care for himself, in the past few months numerous courts, including this one, have ordered the temporary release of inmates held in pretrial or

---

[2] U.S.S.G. § 1B1.13(1)(A) references only "a motion of the Director of the Bureau of Prisons" because it has not yet been updated to reflect the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which allows defendants independently to seek compassionate release relief from federal courts.  *See Ebbers*, 432 F. Supp. 3d at 422–23, 427.

[3] *See* Timothy Williams, et al., *'Jails Are Petri Dishes': Inmates Freed as the Virus Spreads Behind Bars*, N.Y. Times (May 20, 2020), https://www.nytimes.com/2020/03/30/us/coronavirus-prisons-jails.html; *see also United States v. Nkanga*, No. 18 Cr. 713 (JMF), 2020 WL 1529535, at *1 (citing *Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctrs. for Disease Control & Prevention 2 (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf) (highlighting danger faced by those in jails and prisons).

presentencing custody[4] and, in more limited instances, the compassionate release of high-risk inmates serving federal sentences.[5]

Wilson Sr. argues that he is especially vulnerable to the most serious effects of COVID-19 because of his obesity, hypertension, tobacco use, history of tuberculosis, asthma, and injuries he sustained to his neck from a shooting. *See* Def. Mem. at 1, 3; Def. Ltr. at 5–6. The Government contests whether Wilson Sr. in fact suffers from any risk factor other than his obesity. *See* Gov't Mem. at 6. But, to its credit, the Government recognizes that Wilson Sr. is at a heightened risk of complications from COVID-19 compared to the average person incarcerated at FCI Allenwood Medium, and that at least his obesity, in light of the pandemic, "presents an extraordinary and compelling reason for release." Gov't Mem. at 4.

---

[4] *See, e.g.*, *United States v. Chandler*, --- F. Supp. 3d ---, No. 19 Cr. 867 (PAC), 2020 WL 1528120, at *1–3 (S.D.N.Y. Mar. 31, 2020) (granting bail application, pursuant to 18 U.S.C. § 3142(i), of defendant charged with being a felon in possession of a firearm); *United States v. McKenzie*, --- F. Supp. 3d ---, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *2–3 (S.D.N.Y. Mar. 30, 2020) (granting bond pending sentencing, pursuant to 18 U.S.C. § 3145(c), to defendant who had pleaded guilty to single count of assault with a deadly weapon and had previously been released on bond); *United States v. Witter*, No. 19 Cr. 568 (SHS), Dkt. 40 at 2–3 (S.D.N.Y. Mar. 26, 2020) (granting bond pending sentencing, pursuant to § 3145(c), to defendant who had pleaded guilty to a narcotics offense); *cf. United States v. Stephens*, --- F. Supp. 3d ---, No. 15 Cr. 95, 2020 WL 1295155 (AJN), at *3 (S.D.N.Y. Mar. 19, 2020) (granting defendant's request for reconsideration of bail conditions and releasing him to home confinement, while noting that, in the alternative, § 3142(i) would necessitate his temporary release).

[5] *See, e.g.*, *United States v. Simon*, 18 Cr. 390 (PAE), Dkt. 507 at 5–9 (S.D.N.Y. Aug. 27, 20) (ordering compassionate release of elderly defendant, who had serious medical conditions and played low-level role in drug-trafficking conspiracy); *United States v. Davies*, No. 18 Cr. 390 (PAE), Dkt. 479 at 4–7 (S.D.N.Y. June 26, 2020) (same); *United States v. Brown*, No. 18 Cr. 390 (PAE), Dkt. 472 at 4–7 (S.D.N.Y. June 17, 2020) (same); *United States v. Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 at 2–4 (S.D.N.Y. Apr. 6, 2020) (ordering compassionate release of defendant with an immune-inflammatory disease who had served all but 34 days of a four-month sentence); *United States v. Hernandez*, --- F. Supp. 3d ---, No. 18 Cr. 834 (PAE), 2020 WL 1684062, at *3 (S.D.N.Y. Apr. 2, 2020) (ordering compassionate release of defendant with asthma who had served 17 months of a 24-month sentence, was scheduled for release in four months, and was not a danger to the public).

Instead, the Government opposes compassionate release on the grounds that such release would be inconsistent with the § 3553(a) factors in light of the seriousness of Wilson Sr.'s crime, the need to deter Wilson Sr. and others from committing crimes, and the interests in promoting respect for the law. *Id.* at 5–7. While the Government's arguments are substantial, the Court's assessment is that the § 3553(a) factors, viewed holistically, are today compatible with release.

At the threshold, the Court considers, as required, whether Wilson Sr. presents a "danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). The Court finds a relatively limited such risk. To be sure, Wilson Sr. participated in a serious drug-trafficking conspiracy in which others engaged in violence, as Judge Forrest noted at sentencing. Sent. Tr. at 23–24. But Wilson Sr. was not charged with any violence in this case and there is no evidence that he engaged in such violence. Gov't Mem. at 8. And, as the Government concedes, Wilson Sr.'s extensive criminal history does not include any crimes of violence. *See id.* at 6; Dkt. 471 ("PSR") ¶¶ 36–49.[6] While the Court cannot be certain that Wilson Sr. will not participate in violence following release, his prior history does not suggest he will.

More concerning is the prospect that Wilson will revert to drug dealing after release. At sentencing, Judge Forrest expressed a degree of confidence that Wilson Sr. would put his days of drug use and dealing behind him. *See* Sent. Tr. at 27 ("But I do think at the end of the day there is a shot, I hope a good shot, because of the people back there, that you are done."). The Court judges the risk of such recidivism to be reduced from the date of sentencing. Wilson Sr. has now served four years in prison and has participated in an intensive drug-treatment program. *See* Def. Mem. at 2; Gov't Mem. at 3. He will be subject upon release to a lengthy term of supervised

---

[6] Wilson Sr.'s record does, however, reflect arrests while in possession of a knife and live ammunition. *See* Gov't Mem. at 6; PSR ¶¶ 38, 41–43.

release, during which he will be subject to a drug-treatment condition and, initially, to a condition of home confinement. This Court will be responsible for sentencing Wilson Sr. in the event any violation of the conditions of supervised release is established. Any such violation, and particularly one relating to narcotics use or distribution, will, with virtual certainly, assure Wilson Sr. a return to federal prison. Having served nearly six months in prison during a raging pandemic, Wilson Sr. assuredly has no interest in returning to such an environment, and every incentive to strictly obey the law so as to avoid remand. Under these circumstances, the Court finds that Wilson Sr.'s release would not unduly danger the community.

The Court next considers the § 3553(a) factors. Two factors relevant to this motion in light of the COVID-19 pandemic are the "history and characteristics of the defendant," and "the need to provide the defendant with needed . . . medical care." 18 U.S.C. § 3553(a). As the Government concedes, these factors favor Wilson Sr.'s early release in light of the pandemic, for the reasons discussed above. *See* Gov't Mem. at 5. The Government argues, however, that these § 3553(a) considerations are outweighed by others, including the need for the sentence to reflect the seriousness of Wilson's offense, the interest in promoting general deterrence and respect for the law, and the need to deter Wilson Sr. specifically, in light of his 14 prior convictions, two of which are felonies. *Id.* at 5–6.

Like Judge Forrest, the Court acknowledges the seriousness of Wilson Sr.'s offense. *See* Sent. Tr. at 22–24. At the same time, Wilson Sr. has served nearly four years of a sentence that, assuming full good time credit, would total approximately six years. *See* Gov't Mem. at 2. And, if Wilson Sr. is able to complete the drug-treatment program that has been suspended "for reasons entirely outside his control," *id.* at 6, his overall sentence may be further reduced to less than five years total, *id.* at 3. With between one and two years of expected incarceration ahead of him,

Wilson Sr. has therefore served the substantial majority of his intended sentence. His situation thus contrasts with defendants who have unsuccessfully sought compassionate release relatively early into their sentences.[7] Wilson Sr.'s incarceration must also be viewed as more onerous than anticipated, given the pandemic conditions during the past half-year and Wilson Sr.'s heightened vulnerability to COVID-19. The Court, therefore, finds that the term that Wilson Sr. has to date served satisfactorily reflects the gravity of his offense and promotes respect for the law. The Court also views Wilson Sr.'s term of imprisonment, under the conditions in which he has served it, as a sufficiently muscular general deterrent to others. And, while Wilson's long criminal record makes specific deterrence an important consideration—not least because this Court will view with stern disfavor any such act of recidivism—the Court expects, for the reasons discussed above, Wilson Sr. not to return to criminality upon release. For avoidance of doubt, the Court advises Wilson Sr. that any criminal conduct following his release would not only violate the conditions of his supervised release, but also be a grave breach of trust given the faith the Court is today showing in him, almost certainly guaranteeing a meaningful new prison term as punishment. With that admonition, given the heightened risk to Wilson Sr. presented by the pandemic and the Court's judgment that he does not present a meaningful danger to the public, the Court concludes that, in this unusual case, the § 3553(a) factors will be served, and a just sentence imposed, by granting compassionate release.

---

[7] *See, e.g., United States v. Nissen*, No. 17 Cr. 477 (PAE), 2020 WL 2614825, at *3 (S.D.N.Y. May 22, 2020) (denying compassionate release motion for defendant in generally good health who had served 7 months of a 27-month sentence); *United States v. Butler*, No. 18 Cr. 834 (PAE), Dkt. 461 (S.D.N.Y. Apr. 7, 2020) (denying compassionate release motion for recently sentenced defendant with asthma and a cardiac condition who had served 15 months of 60-month sentence); *United States v. Credidio*, No. 19 Cr. 111 (PAE), Dkt. 62 (S.D.N.Y. Mar. 30, 2020) (for similar reasons, denying compassionate release motion for an elderly defendant who had served just two months of a 33-month sentence).

For the foregoing reasons, the Court grants Wilson Sr.'s motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  The Court directs that Wilson Sr. be released on Friday, September 4, 2020, and begin serving the three-year term of supervised release previously ordered by Judge Forrest, subject to the special conditions imposed at the time of sentence.  *See* Sent. Tr. at 29–30.  The Court further requires, as proposed by the defense, that the first 12 months of the term of supervised release be subject to a special condition of home confinement.  This condition, the Court finds, will guard against recidivism and assist in Wilson Sr.'s transition back to living in free society.

The Court further directs that by Thursday, September 3, 2020, at 2:00 p.m., the Government and the defense, in consultation with the Probation Department, supply the Court with a proposed order memorializing the full conditions of home confinement, including setting out the means by which the Probation Department will monitor Wilson Sr.'s whereabouts and compliance with the terms of home confinement.  The Court expects to issue an order along the lines proposed the same day, on Thursday, September 3, 2020, such that this order will be in place as of the date of Wilson Sr.'s release.

SO ORDERED.

                                                   *Paul A. Engelmayer*
                                                   PAUL A. ENGELMAYER
                                                   United States District Judge

Dated: August 31, 2020
       New York, New York