**FREEMAN, NOOTER & GINSBERG**
ATTORNEYS AT LAW

LOUIS M. FREEMAN
THOMAS H. NOOTER*
LEE A. GINSBERG

75 MAIDEN LANE
SUITE 503
NEW YORK, N.Y. 10038

(212) 608-0808
TELECOPIER (212) 962-9696

*NY AND CALIF. BARS

January 27, 2021

Honorable Paul A. Engelmayer
United States District Judge
40 Foley Square
New York, NY 10007

<u>Letter Motion, Part on Consent</u>

RE:   United States v. Robert Wilson, Sr.
      <u>16 Cr. 317-17 (PAE)</u>

Your Honor:

      I am the attorney appointed pursuant to the Criminal Justice Act to represent this defendant in making an application for "compassionate release." I made that motion on August 19, 2020, which was granted by this Court in an Order dated August 31, 2020, with final terms of release stated by the Court in an Order dated September 3, 2020.

      The Court's final order directed that Mr. Wilson was to be released to home confinement for twelve months under electronic monitoring with a GPS monitoring system, and that he could be allowed out of his house for medical appointments and emergencies. (See Order of September 3, 2020, document 657).

      I am writing now to request two forms of modification of these terms, the first of which is consented to by the government and the Probation Department, and the second of which is not.

      The first request is that Mr. Wilson, Sr., be permitted to leave his home, at times and under such terms as his Probation Officer will direct, to attend two funerals in New York City: the first is of his aunt, Marcia Kelly, whose funeral will be in the Bronx on January 29, 2021 from 9:00am to 1:00pm, and the second is of

his grandmother, Yvonne Wilson, which will include a service in Manhattan on January 5, 2021 from 3:00pm to 9:00pm, and a graveside service at the Woodlawn Cemetary in the Bronx on January 6, 2021, from 8:00am to 1:00pm.

As stated, the government expressed no opposition to this portion of the request provided that the Probation Officer had no objection, and Probation Officer Herrera has no objection. I propose that Officer Herrera set the times of day that Mr. Wilson can be out of his home (and make any adjustments if the plans for these funerals are changed).

The second request is for the Court to grant a modification of the terms of home confinement to permit Mr. Wilson to leave his house for up to one hour per day (perhaps just on weekdays, if that is easier for Probation to monitor) so that he can walk in his neighborhood to get exercise. He would not take any public or other transportation and would not leave his immediate neighborhood.

The reason for this request is as follows: as the Court noted in its initial order granting "compassionate release," the government agreed that a major risk factor for Mr. Wilson was his obesity (see Order of August 31, 2020, page 4). That condition continues unabated. Mr. Wilson, while never leaving his home until now, lives with his wife and his 22-year-old son, both of whom leave the house for work, and encounter members of the public in doing so. Thus there is still some risk to Mr. Wilson of contracting the Covid-19 coronavirus. I argue that some opportunity for Mr. Wilson to get fresh air and exercise would be beneficial to his health.

I also suggest there is a very low risk of violation of any of his terms of supervision: he is on GPS monitoring so the people who monitor him can tell in "real time" if he deviates from the area within which he is supposed to remain. He also understands that violation of the term of any Order the Court may issue would carry severe consequences. I also suggest that there is nothing in Mr. Wilson's history to suggest that he does not adhere to any conditions of release that the Courts have set in the past.

When I spoke with Probation Officer Herrera about this he said that he would oppose the request because it is not one of the standard terms of home confinement. He also said that he has not known Mr. Wilson long enough to opine as to the likelihood that he would adhere to the terms of a modification, even though Mr.

Wilson has not violated any terms of his supervision since he was released in September.

AUSA Matthew Laroche, who also spoke with Officer Herrera, stated to me in an email that his office "take[s] the same position as Probation with respect to the request for time out for exercise." (Email dated January 26, 2021). He added that to the extent that any of the requests is granted (including the request to attend the funerals, to which they have no objection) that Mr. Wilson is to be reminded that his is not permitted to associate with any felons.

Thus, I ask that the Court grant the modification to permit my client to attend the funeral services listed above, on such terms as his Probation Officer will set, and further grant a modification of the terms of the defendant's home confinement to permit him to walk outside in his neighborhood for up to one hour per day (or any variation that the Court may permit, despite the opposition by Probation and the government.

Thank you.

Sincerely,

*/s/ Thomas H. Nooter*
Attorney for Defendant

cc:   AUSA Matthew Laroche, by ECF

---

The Court denies Mr. Wilson's request, substantially for the reasons given by the Government on behalf of the Probation Department. The Court encourages the Probation Department, in consultation with Mr. Wilson's counsel, to explore whether there are alternative means of affording Mr. Wilson opportunities for fresh air and exercise consistent with the concerns articulated by the Probation Department. The Clerk of Court is requested to terminate the motion at Dkt. No. 665.

SO ORDERED.                                            2/12/2021

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge